**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

Dongguan Naquan E-Commerce Co., Ltd. and Guangzhou Zhongyao Technology Co., Ltd.,

*Plaintiffs*,

v.

Sanbo Wang,

*Defendant*.

**CASE NO.** 1:25-cv-6601

**Jury Demand**

**COMPLAINT**

This is an action brought under the Declaratory Judgment Act by Plaintiffs Dongguan Naquan E-Commerce Co., Ltd., d/b/a OGERY-Camping ("OGERY-Camping"), and Guangzhou Zhongyao Technology Co., Ltd., d/b/a OGERY-Outdoors ("OGERY-Outdoors," collectively with OGERY-Camping as "Plaintiffs"), against Defendant Sanbo Wang ("Defendant"), claiming for patent invalidity and unenforceability against U.S. Patent No. 1,058,875 ("'875 Patent"). Upon actual knowledge with respect to itself and its acts, and upon information and belief as to all other matters, Plaintiff alleges as follows:

**NATURE OF THE ACTION**

1. This court has original jurisdiction over the subject matter of this action pursuant to the Patent Act, 35 U.S.C.§§ 101, 102, 103, 112 et seq., pursuant to 28 U.S.C.§§ 1331, 1332(a) and (c), 1338(a), and pursuant to the Declaratory Judgment Act, 28 U.S.C.§§ 2201 and 2202.

2. This is an action under the Declaratory Judgment Act, 28 U.S.C.§§ 2201 and 2202, seeking a declaratory judgment that Defendant's '875 Patent is invalid under at least 35 U.S.C. §§ 102, 103 and/or 112, and unenforceable.

## THE PARTIES

### THE PLAINTIFFS

3. Plaintiff Dongguan Naquan E-Commerce Co., Ltd., is a limited liability company organized and existing under the laws of the People's Republic of China, having its principal place of business located in Dongguan, China.

4. Plaintiff Guangzhou Zhongyao Technology Co., Ltd., is a limited liability company organized and existing under the laws of the People's Republic of China, having its principal place of business located in Guangzhou, China.

### THE DEFENDANT

5. On information and belief, Defendant Sanbo Wang, is an individual resides in China. Defendant's email address is oliviajohnsonok09@gmail.com.

6. Upon information and belief, Defendant is the applicant and inventor of the '875 Patent.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. §§ 2201, 2202, 1331, 1338(a), because this action arises under the laws of the United States, in particular the Patent Act of the United States, 35 U.S.C. § 100 et seq.

8. An actual case or controversy exists between the parties to this action. Defendant submitted infringement reports to Amazon against Plaintiffs alleging the infringement of its '875 Patent. Defendant's actions thereby give rise to an actual controversy under 28 U.S.C. §§ 2201 et. seq.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over the Defendant since the Defendant has directly availed

herself of the United States, including Illinois, by applying for US patent and filing patent infringement complaint against Plaintiffs with Amazon, which has affected sales and activities in the state of Illinois. Specifically, this Court has personal jurisdiction under FRCP 4(k)(2) over the Defendant because the claims arise under federal law, the Defendant is not subject to jurisdiction in any state's courts of general jurisdiction, as Defendant is hiding in China, and the assertion of personal jurisdiction is reasonable and fair.

**FACTTUAL BACKGROUND**

10. Plaintiffs own and operate Amazon stores selling camping-related products, including the Camping String Lights.

11. Plaintiffs' Camping String Lights has been designated as Amazon's Choice (Amazon's Choice highlights highly rated, well-priced products) and earned 4.4 out of 5 ratings from the customers.




12. Plaintiffs' Camping String Lights is also currently ranked eighth in the Outdoor String Lights category on Amazon's Best Seller Rank.

13. On June 13, 2025, Plaintiff's received emails from Amazon stating that their Camping String Lights allegedly infringe the '875 Patent. A true and correct copy of the Amazon's emails are attached hereto as Exhibit 1. The emails also identified the rights holder as FANGLEBEI, and provided his email address as oliviajohnsonok09@gmail.com. Plaintiffs were informed that if it failed to resolve this dispute promptly, Amazon may remove their listings and Plaintiffs may no longer be allowed to sell to Amazon. *Id*.

14. Amazon not only constantly monitors and scores each seller's account performance including how many infringement complaints have been filed against the seller, but Amazon also reserves the right to deactivate selling accounts without advance warning.

15. The Amazon marketplace constitutes Plaintiffs' primary sales channel into the United States. To remain competitive in the United States market for Camping String Lights, Plaintiffs need their products listed in the Amazon marketplace. Defendant's actions have harmed and continue to harm Plaintiffs' Amazon health rating, and they are facing imminent and real threat of an infringement complaint and their listings may be removed by Amazon at any time.

**U.S. PATENT NO. 1,058,875**

16. The face of the '875 Patent lists Defendant as its applicant and Inventor. *See* Exhibit 2. The '875 Patent filed on March 26, 2024, and issued on January 21, 2025. *Id*.

17. The '875 Patent claims for ornamental design for a camping light as shown below:



18. However, the design claimed by the ’875 Patent had already been patented, publicly used, offered for sale, or otherwise available to the public years prior to its filing date. Defendant secured the ’875 Patent through concealment of material information from the PTO.

19. Defendant’s frivolous infringement reports to Amazon against Plaintiffs have caused and continues to cause significant damages to Plaintiffs’ business, especially in this peak season, and there is an imminent threat that the Plaintiffs' Amazon selling accounts could be deactivated at any time.

20. As one of the world’s largest online retailer, Amazon plays a crucial role in facilitating small business operations, making it important to address the Defendant’s exploitative behavior. Defendant’s ongoing inequitable conduct should be restrained to prevent further irreparable harm to Plaintiffs.

**COUNT I**
**(Declaration of Invalidity of U.S. Patent, No. 1,058,875)**

21. Plaintiffs incorporate by reference the allegations set forth above in this Complaint as if fully set forth herein.

22. An actual, continuing and justiciable controversy exists between Plaintiffs and Defendant concerning the validity of the ’875 Patent, as evidenced by Defendant’s allegations of infringement on Amazon, as set forth above.

23. The ’875 Patent is invalid under 35 U.S.C. § 102 and/or § 103 at least in light of the prior arts cited herein.

24. Chinese Patent No. 307861226, entitled “A Tape-Reel Lamp,” to Guangdong Baichuangyuan Technology Co., Ltd., designed by Tao Wang (“CN ’226 Patent”) alone or in combination with common general knowledge, anticipates and/or renders obvious of the ’875 Patent. A true and correct copy of CN ’226 Patent, along with a certified English translation, is

attached hereto as Exhibit 3. The CN ’226 Patent, filed on November 15, 2022, and issued on February 24, 2023, discloses a design identical or at least substantially similar to the design claimed in the ’875 Patent, as shown below:





25. Moreover, the identical Camping String Lights were offered for sale and sold on Amazon before the filing date of the ’875 Patent.

26. The Hiromeco Camping String Lights have been sold on Amazon at least since June 24, 2023[1].

[1] The Amazon link is available in https://www.amazon.com/gp/product/B0CS371NVC?th=1 (Last viewed date: June 13, 2025); a true and correct copy of the website is attached hereto as Exhibit 4.

27. As shown in one of the customer reviews of Hiromeco Camping String Lights, the claimed design of the ’875 Patent has been disclosed by Hiromeco Camping String Lights at least since June 24, 2023.





CC

★★★★★ This is so freaking cool!!

Reviewed in the United States on June 24, 2023

I really love this! it charges quickly I can pull it out and then I wind it right back up it's waterproof I wouldn't necessarily submerge the whole thing but if you got it out and it starts raining I think it will be fine. the lights actually lost a long time I had them on at night and then fell asleep and they were still on when I woke up. great gift idea for family or friends I think that you can decorate our use then to light a path way inside or outside with this.



Images in this review











Anthony Pontarelli

★★★★★

Super fun, compact and versatile.

Reviewed in the United States on July 1, 2023

I absolutely love this light. It's very compact and light and easy to use. Every time I use I'm amazed at how much light line is actually in this small container. I've been bringing it to neighborhood campfires and setting it up around the trees. Where we sit and watch the fire, and everyone is amazed at how much light is in such a small package. There are multiple options like blinking and pulsing and just straight on or off. The batteries last quite a long time. I'm not sure how long because I have not yet had to recharge it and have used it several times. I find myself looking for excuses and situation's to use it. It's a great value for the price.

Images in this review






28. As shown above, the design of the ’875 Patent is identical or at least substantially similar to the prior arts disclosed in 2022 and 2023. Therefore, the ’875 Patent is invalid under 35 U.S.C.A. §§ 102 and/or 103.

29. Defendant’s baseless infringement report to the Amazon platform against Plaintiffs have caused imminent and real threat of an infringement lawsuit.

30. In the view of the foregoing, Plaintiff is entitled to a judgment declaring that the ’875 Patent is invalid under at least 35 U.S.C. §§ 102, 103 and/or 112.

**COUNT II**
**(Declaration of Unenforceability of U.S. Patent, No. 1,058,875)**

31. Plaintiffs incorporate by reference the allegations set forth above in this Complaint as if fully set forth herein.

32. An actual, continuing and justiciable controversy exists between Plaintiffs and Defendant concerning the enforceability of the ’875 Patent, as evidenced by Defendant’s allegations of infringement on Amazon, as set forth above.

33. As shown above, the claimed design of the ’875 Patent was fully disclosed by the CN ’226 Patent and the products sold on the Amazon before the filing date of the ’875 Patent.

34. Upon information and Plaintiffs' investigation, Defendant was aware of the CN '226 Patent before the filing date of the '875 Patent.

35. On March 5, 2024, the owner of the CN '226 Patent, Guangdong Baichuangyuan Technology Co., Ltd., filed a lawsuit against Defendant's company, Ninghai Kuxingke Outdoor Products Co., Ltd., for patent infringement in a Chinese court. On June 26, 2024, the Chinese Court found that Defendant's product infringed the CN '226 Patent. Thus, there can be no dispute that Defendant knew of the CN '226 Patent before the filing date or at least during prosecution of the '875 Patent.

36. However, during prosecution of the '875 Patent, Defendant withheld the material prior art CN '226 Patent. Had Defendant disclosed this prior art to the PTO, the application would not have issued.

37. Defendant knew that disclosing CN '226 Patent to the PTO would have prevented the issuance of the '875 Patent.

38. Accordingly, the '875 Patent is unenforceable due to the inequitable conduct of Defendant in failing to disclose this material information to the PTO.

39. To resolve the legal and factual questions raised by Defendant and to afford relief from the uncertainty and controversy that Defendant's allegations have created, Plaintiff is entitled to a declaratory judgment that the '875 Patent is unenforceable.

**COUNT III**
**(Tortious Interference with Existing Business Relationships)**

40. Plaintiffs incorporate by reference the allegations set forth above in this Complaint as if fully set forth herein.

41. Defendant's actions, as described herein, including baseless infringement claim to Amazon that Plaintiffs' Camping String Lights infringe upon its invalid and unenforceable '875

Patent has harmed Plaintiffs' selling relationship with Amazon by putting Plaintiffs at risk of their Amazon stores being permanently closed as a result of legally false infringement complaints, and hindering the continued sale and positive review of the Plaintiffs' Camping String Lights by Amazon customers so that, even if the listing were restored, it would be at a disadvantage to similar products offered by Plaintiffs' competitors.

42. Defendant intended to harm and have irreparably harmed Plaintiffs' reputation with Amazon by making these false statements to Amazon.

43. Plaintiffs would lose valuable selling opportunities as a direct and proximate suffer, severe irreparable harm from which there is no adequate remedy at law.

44. Plaintiffs are entitled to the imposition of a preliminary and permanent injunction against the Defendant, to restrain and enjoin it and its agents from further tortiously interfering with the Plaintiffs' business relationship with Amazon.

45. By reason of the foregoing, Plaintiffs are entitled to an award of damages from Defendant in an amount to be determined at trial.

46. Defendant's aforesaid acts are of such wanton, willful and malicious nature, that Plaintiffs are entitled to an award of punitive damages in an amount to be determined at trial, in order to punish the Defendant and deter others similarly situated from committing such acts in the future.

47. By reason of the foregoing, Plaintiffs are suffering and will continue to suffer irreparable harm, unless and until the Court directs the Defendant to withdraw its complaint to Amazon.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

a. For judgment in favor of Plaintiffs against Defendant on all claims.

b. Declaring that Defendant's '875 Patent registration is invalid.

c. Declaring that Defendant's '875 Patent registration is unenforceable.

d. Judgment that this case is exceptional and that the Defendant be ordered to pay all Plaintiffs' costs and attorneys' fees associated with this action pursuant to 35 U.S.C. § 285.

e. Enjoining Defendant temporarily, preliminarily, and permanently from making any future complaint regarding the '875 Patent against Plaintiffs and their reseller's Camping String Lights.

f. Ordering Defendant to return to the Court with proof of compliance with this Order within seven (7) days of entry thereof, with a copy served on Plaintiffs' attorney.

g. Awarding Plaintiffs damages due to Defendant's improper acts, doubled and/or trebled due to the willful and exceptional nature of the case.

h. Awarding Plaintiffs compensatory, general and special, consequential and incidental damages in an amount to be determined at trial.

i. Awarding Plaintiffs exemplary, punitive, statutory, and enhanced damages.

j. Awarding pre- and post- judgment interest.

k. Awarding Plaintiffs such other and further relief as this Court deems is just and proper.

**Jury Trial Demand**

Plaintiffs hereby demand a jury trial on all issues so triable.

Date: June 13, 2025

/s/ Wei Wang

Wei Wang, Esq.
GLACIER LAW LLP
41 Madison Avenue, Suite 2529,
New York, NY 10010

wei.wang@glacier.law
(212) 729-5073
***Attorney for Plaintiffs***